**NOT FOR PUBLICATION**

```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
                                     :
NEW JERSEY PHYSICIANS UNITED         :  CIVIL ACTION NO. 10-599 (MLC)
RECIPROCAL EXCHANGE,                 :
                                     :
    Plaintiff,                       :       ORDER TO SHOW CAUSE
                                     :
    v.                               :
                                     :
WILLIAM G. RADER, et al.,            :
                                     :
    Defendants.                      :
                                     :
```

**THE PLAINTIFF** asserting, <u>inter alia</u>, violations of its rights under the United States Constitution (dkt. entry no. 1, Compl. at 4); and the plaintiff seeking to enjoin the defendants — including the defendant William G. Rader, Commissioner of the Department of Banking and Insurance of the State of New Jersey ("NJDBI") — from enforcing the provisions of N.J.S.A. § 17:29B-4(2) and (3) pending entry of a final judgment herein (dkt. entry no. 1, Pl. Order to Show Cause); and the Court conducting a telephone conference with the parties on the record on February 23, 2010; and

**IT APPEARING** that the issues raised here by the plaintiff touch upon insurance matters overseen by the NJDBI (Compl. at 2-4); and it further appearing that the defendants have previously instituted a proceeding in the New Jersey Office of Administrative Law ("NJOAL") concerning the issues here (<u>id.</u> at 2-3); and

**IT APPEARING** that the subject matter of this action is the subject matter of a proceeding that has been instituted before

the NJOAL; and it appearing that a district court should abstain from exercising jurisdiction in an action if there are (1) state proceedings that are related and pending, (2) important state interests implicated therein, and (3) adequate opportunities to raise federal claims therein, Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982); Younger v. Harris, 401 U.S. 37, 43-54 (1971); and it also appearing that a district court should stay a federal action — rather than dismiss a complaint — if the state proceedings are administrative in nature, in order to assure that the federal claims are actually resolved, Gwynedd Props. v. Lower Gwynedd Twp., 970 F.2d 1195, 1204 & n.14 (3d Cir. 1992) (stating district court is without discretion to dismiss, rather than stay, monetary-relief claim that may not be redressed in state proceeding); Bongiorno v. Lalomia, 851 F.Supp. 606, 610-17 (D.N.J.) (staying action sua sponte, rather than dismissing complaint, as monetary-damage claim might not be resolved in pending state proceeding), aff'd, 39 F.3d 1168 (3d Cir. 1994) (table decision); and it appearing that a state administrative proceeding is considered to be a "proceeding" under Younger, see Zahl v. Harper, 282 F.3d 204, 209 (3d Cir. 2002) (stating same); N.J.Ct.R. 2:2-3 (setting forth procedure for further review); and

**IT FURTHER APPEARING** that the Complaint may be barred pursuant to the doctrine of Burford abstention, see Burford v.

Sun Oil Co., 319 U.S. 315 (1943), the purpose of which is to avoid intrusion by a district court into a matter of local concern that is within the special competence of local courts, such as the oversight of insurers and insurance by a state regulator, Chiropractic Am. v. LaVecchia, 180 F.3d 99, 104 (3d Cir. 1999); and it further appearing that if "timely and adequate state-court review is available," then a federal court should decline to become involved in a matter:

> (1) when there are difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar; or (2) where the exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern

id. (cites and quotes omitted); and it further appearing that the assertion — as here — of claims under the federal Constitution does not bar the Court's application of Burford abstention, see LaVecchia, 180 F.3d at 107-08; and it appearing that (1) the plaintiff can attain relief through the state courts and state proceedings, (2) the plaintiff's claims embody difficult questions of state insurance law, (3) a policy problem of substantial public concern is at issue, i.e., insurance, and (4) a judgment issued by a federal court in the plaintiff's favor could disrupt efforts to establish a coherent state policy; and it further appearing that the Court would be required to examine the

defendants' motivations and intentions, which would appear to merit abstention, see Chiropractic, 180 F.3d at 108; and

**THE COURT** — for the reasons stated on the record and herein — intending to order (1) the plaintiff to show cause why (a) the action should not be stayed pursuant to Younger, or (b) the Complaint should not be dismissed pursuant to Burford, and (2) the defendants to show cause, assuming that the action is not stayed or the Complaint is not dismissed, why they should not be enjoined from enforcing the provisions of N.J.S.A. § 17:29B-4(2) and (3); and for good cause appearing;

**IT IS THEREFORE** on this     23rd     day of February, 2010, **ORDERED** that (1) the plaintiff will show cause why (a) the action should not be stayed pursuant to Younger abstention, or (b) the Complaint should not be dismissed pursuant to Burford abstention, and (2) the defendants will show cause, assuming that the action is not stayed or the Complaint is not dismissed, why they should not be enjoined from enforcing the provisions of N.J.S.A. § 17:29B-4(2) and (3); and

**IT IS FURTHER ORDERED** that the parties will file responses with the Court electronically by 5 P.M. on the following dates:

    March 10, 2010     Plaintiff's response
    March 24, 2010     Defendants' response
    April 1, 2010      Plaintiff's reply
    April 8, 2010      Defendants' reply; and

**IT IS FURTHER ORDERED** that if the plaintiff fails to address Younger and Burford in response to this Order to Show Cause, then the plaintiff will be deemed to be in support of a stay or a dismissal; and

**IT IS FURTHER ORDERED** that this Order to Show Cause will be decided on **MONDAY, APRIL 12, 2010,** or soon thereafter, without oral argument pursuant to Federal Rule of Civil Procedure 78(b).

                                  s/ Mary L. Cooper
                              **MARY L. COOPER**
                              United States District Judge